## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JORGE BOGA BASIL,**

        **Petitioner,**

**vs.**                                                    **Case No. 8:07-CV-918-T-27TGW**

**IBIS AIDA de TERESA SOSA,**

        **Respondent.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge (Dkt. 39) recommending that Petitioner's Petition for Return of Children (Dkt.1) be granted, and that Respondent's Amended Motion to Dismiss for Lack of Jurisdiction (Dkt. 24) and Alternative Motion to Stay and for Article 15 Declaration (Dkt. 25) be denied. Respondent has filed objections to the Report and Recommendation (Dkt. 42), and Petitioner has filed a response (Dkt. 44). For the reasons set forth below, the Court finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

### *Standard of Review*

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

1

### *Discussion*

The Magistrate Judge issued a thorough and well-reasoned Report and Recommendation. Respondent makes two objections to the Report and Recommendation. First, Respondent asserts, as she argued before the Magistrate Judge, that the custody order issued by the Mexican court controls a determination of Petitioner's "rights of custody" under the Hague Convention. Second, Respondent contends that the Magistrate Judge gave little weight to the affidavit from Guillermo Alberto Orgarrio Saucedo, a Mexican lawyer. Respondent's objections are without merit.

As an initial matter, Respondent does not dispute that the Mexican doctrine of patria potestas affords "rights of custody" within the broad meaning of that term in the Hague Convention. *See* Hague Convention, art. 5. Although the Mexican court's custody order granted Respondent provisional custody, the court did not address patria potestas, and, as noted by Respondent in her Objection, the issue of patria potestas remains pending before the Mexican court. (Dkt. 42 at 3, n.5). As the Magistrate Judge determined, with reference to controlling Eleventh Circuit precedent, "the respondent's custodial rights do not nullify the petitioner's rights under the doctrine of patria potestas." (Dkt. 39 at 19). Moreover, the June 12, 2006 custody order is not applicable to the instant Petition because the custody order was not in place "at the time of the removal" on June 6, 2006. *See* Hague Convention, art. 3.

As to Respondent's second objection, the Court finds that the Magistrate Judge gave appropriate weight to the affidavit from the Mexican lawyer, Guillermo Alberto Orgarrio Saucedo. As noted by the Magistrate Judge, the affidavit does not address patria potestas, and was therefore "off the mark." (Dkt. 39 at 20-21).

Accordingly, this Court finds that the Magistrate Judge was correct in determining that

2

Petitioner has shown a violation of his "rights of custody."  Respondent does not contest the determination that Petitioner was actually exercising his rights of custody at the time of removal, and this Court finds, for the reasons set forth by the Magistrate Judge, that he was exercising his rights of custody.[1]  Therefore, pursuant to Article 3 and Article 12 of the Hague Convention, Petitioner is entitled to the return of the children to Jalisco, Mexico.

In her objections, Respondent requests that she and the children be permitted to return to Mexico by car on or before August 12, 2007.  The Respondent states that if the children are required to return by air, she will seek financial assistance from the Petitioner to ship personal items back to Mexico.  In his response, Petitioner has requested that the children return by air and has indicated that he will provide financial assistance.

### *Conclusion*

After careful consideration of Report and Recommendation, Respondent's objections, and Petitioner's response, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.  Accordingly, it is **ORDERED AND ADJUDGED**:

1)      The Report and Recommendation (Dkt. 39) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2)      Petitioner's Petition for Return of Children (Dkt. 1) is **GRANTED**.  Respondent shall return the children, E.B.T. and M.B.T., to Jalisco, Mexico on or before August 12, 2007.  The Court reserves jurisdiction to issue an order setting forth specific provisions regarding travel arrangements

---

[1] Respondent does not challenge the Magistrate Judge's determination that she failed to establish her three affirmative defenses, and this Court finds that this determination was also correct.

3

for the children and allocation of expenses.  A hearing will be promptly scheduled following the issuance of this Order.  Counsel shall be prepared to discuss travel arrangements and allocation of expenses at the hearing.

      3)     Respondent's Amended Motion to Dismiss for Lack of Jurisdiction (Dkt. 24) is **DENIED**.  The First Motion to Dismiss for Lack of Jurisdiction is **DENIED** as moot.

      4)     Respondent's Alternative Motion to Stay and for Article 15 Declaration (Dkt. 25) is **DENIED**.

      5)     The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this _6th_ day of August, 2007.

 

                                 **JAMES D. WHITTEMORE**
                                 United States District Judge

Copies to:
Counsel of Record